UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKEY J. SIMONEAUX                                     CIVIL ACTION

VERSUS                                                  NO. 18-270-RLB[1]

COMMISSIONER OF SOCIAL SECURITY

## RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

Before the Court is Plaintiff's Motion for Attorney Fees (R. Doc. 21) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) filed on August 26, 2019. The Commissioner filed its Opposition (R. Doc. 22) on September 9, 2019, and Plaintiff filed his Reply (R. Doc. 25) on September 18, 2019, correcting the deficiencies raised by the Commissioner in its Opposition.

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for disability benefits. (R. Doc. 1). On May 28, 2019, the Court issued its Ruling on Plaintiff's Social Security appeal (R. Doc. 19), and subsequent Judgment (R. Doc. 20), reversing the decision of the Commissioner and remanding the claim for further proceedings. Plaintiff then filed the present Motion.

**I.    LAW AND ANALYSIS**

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special

---

[1] Because both parties consented to proceed before a United States Magistrate Judge (R. Docs. 9, 10), the case was transferred to this Court for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c)(1).

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). The parties do not dispute that Plaintiff is the prevailing party who filed a timely application for fees, and the Commissioner concedes that Plaintiff is entitled to recover reasonable fees under § 2412 of the EAJA. Therefore, an award of reasonable attorney's fees is proper in the instant case.

A.   **Calculation of Fees**

Plaintiff asks for attorney's fees to compensate his attorney for 40.4 hours of work at a rate of $175 per hour, for a total of $7,070.00. The Commissioner opposed Plaintiff's initial application, arguing that his itemization was insufficient to allow it to assess the reasonableness of the fee request. (R. Doc. 22 at 3). Plaintiff then filed a Reply, attaching a revised itemization that includes the identity of the employee who completed each itemized task. (R. Doc. 25-1). The Commissioner has filed no objection post-dating the revised Itemization of Time submitted by Plaintiff.

Having reviewed Plaintiff's revised Itemization of Time (R. Doc. 25-1), as well as similar cases in this district and others over the past several years, the Court finds the rate requested of $175 per hour to be reasonable for the hours expended by attorneys. *See Gann v. Colvin*, 2017 WL 385038, at *2-3 (M.D. La. Jan. 27, 2017) (hourly rate of $175 was reasonable).[2] The Court notes, however, that the final entry on Plaintiff's Itemization of Time, the "preparation of Plaintiff's petition for attorney fees under the EAJA" on July 25, 2019, was completed by an Operations Manager. District courts in this circuit have found rates of $75.00 to $100.00 an hour

---

[2] To the extent older cases reflect a lesser amount, the Court finds that the rate of $175 appropriately accounts for such passage of time. *Watkins v. Commissioner of Social Security*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) ("hourly rate of $150.00 . . . is consistent with the rate generally applied by this Court"); *Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *3 (M.D. La. Feb. 7, 2011) (same); *Owen v. Colvin*, No. 12-1179, 2013 WL 6204270, at *2 (W.D. La. Nov. 27, 2013) (hourly rate of $150.00 typically applied in Western District "for attorney work performed in 2008 and beyond").

to be a reasonable rate for non-attorney work. *See, e.g., Ronda C. v. Berryhill*, 2019 WL 1793040, at *3 n. 8 (N.D. Tex. Apr. 3, 2019) (rate of $95.00 an hour reasonable for paralegal work); *Richthofen v. Berryhill*, 2019 WL 2079840, at *1 (E.D. La. Jan. 28, 2019) (rate of $75-$100 an hour reasonable for paralegal work); *Suarez v. Covlin*, 2015 WL 328248, at *1 (N.D. Tex. Jan. 26, 2015) ($95.00 an hour for paralegal work). Accordingly, the Court will reduce the award for the .5 hours of work completed by the Operations Manager from $175 an hour to $100 an hour, for a total of $50.

Based on the foregoing, the Court will award a total of $7,032.50, which comprises 39.9 hours of attorney work at a rate of $175 per hour, and .5 hours of non-attorney work at a rate of $100 per hour.

**B.    Payment of Fee Award**

Counsel for Plaintiff represents that Plaintiff assigned his rights to any EAJA fees to his counsel, attaching a Contingent Fee Agreement in support thereof. (R. Doc. 21-3). Plaintiff also recognizes (in the proposed order) that any award of fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debts to the Government. (T. Doc. 21-4). The fees award, therefore, shall be payable to Plaintiff, as "a § 2412(d) fees award is payable to the litigant" and not the attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). And so, the attorney's fees will be awarded and paid to Plaintiff but can be mailed to Plaintiff's counsel.

**II.    CONCLUSION**

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (R. Doc. 21) is **GRANTED**. The Commissioner of the Social Security Administration is

**ORDERED** to send to Plaintiff's counsel a check made payable to "Rickey J. Simoneaux" for fees in the amount of $7.032.50 (39.9 hours at $175.00 per hour, and .5 hours at $100 per hour) pursuant to the Equal Access to Justice Act.

Signed in Baton Rouge, Louisiana, on December 16, 2019.

                                                      **RICHARD L. BOURGEOIS, JR.**
                                                      **UNITED STATES MAGISTRATE JUDGE**